| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Law Offices of Andy Winchell<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Plaintiff | |
| Henry Aaron<br><br>            Plaintiff<br><br>v.<br><br>Palisades Collection, LLC<br><br>            Defendant | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### PRELIMINARY STATEMENT

1.     This is an action brought by the Plaintiff Henry Aaron (hereinafter the "Plaintiff") seeking redress for the unlawful and deceptive practices committed by the Defendant in connection with their efforts to collect a debt allegedly owed by the Plaintiff.  The Defendant's conduct involves failing to afford the Plaintiff within five days of the initial communication an opportunity to dispute the debt. The Plaintiff seeks monetary, declaratory and injunctive relief based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

### JURISDICTION

2.     Jurisdiction over this matter is provided pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

## PARTIES

3. The Plaintiff is an individual with an address in Short Hills, New Jersey. He is unrelated to the legendary baseball player of the same name.

4. On information and belief Defendant is a debt collector and debt-buying corporation with a principal place of business in Englewood Cliffs, New Jersey.

## FACTUAL ALLEGATIONS

5. On or about March 8, 2011, the Plaintiff received correspondence (the "Initial Communication") from the Defendant stating that the Plaintiff owed a debt of $344.12 (the "Debt") to creditor First Union Bank and attempting to collect the Debt. A copy of the Initial Communication is attached hereto as Exhibit A.

6. The Plaintiff does not believe that he owes any money to First Union Bank.

7. The Initial Communication did not contain a statement informing the Plaintiff that he could dispute the validity of the Debt and that the failure to dispute the debt within thirty days would result in the Debt being presumed valid by the Defendant.

8. The Defendant did not initiate any further communications with the Plaintiff for the next two months, did not provide the Plaintiff with an opportunity to dispute the Debt, and did not inform Plaintiff that the failure to dispute the Debt would result in the Debt being presumed valid.

9. On or about May 26, the Plaintiff received a second piece of correspondence from the Defendant, attached hereto as Exhibit B, attempting to collect the Debt. Again, this correspondence did not contain a statement indicating that the Plaintiff could dispute the Debt and did not inform Plaintiff that the failure to dispute the Debt would result in the Plaintiff assuming that the Debt was valid.

10. On or about June 12, the Plaintiff received a third piece of correspondence from the Defendant, attached hereto as Exhibit C, attempting to collect the Debt. Again, this correspondence did not contain a statement indicating that the Plaintiff could dispute the Debt and did not inform Plaintiff that the failure to dispute the Debt would result in the Plaintiff assuming that the Debt was valid.

11. The Plaintiff is a highly respected member of his community. He believes in paying his obligations responsibly and timely. He was very embarrassed to bring this to the

attention of a consumer attorney. But he did not want to be bullied into paying a debt he did not owe. And he was unaware that he had an opportunity to dispute the Debt.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act)

12. The allegations in paragraphs 1 through 11 of this complaint are realleged and incorporated herein by this reference.

13. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA the Defendant's violations include but are not limited to violating 15 U.S.C. § 1692g by failing to provide the Plaintiff within five days of the Initial Communication "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid."

14. The Plaintiff is therefore entitled to an award of actual, damages, statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF
### (Additional Violation of the Fair Debt Collection Practices Act)

15. The allegations in paragraphs 1 through 14 of this complaint are realleged and incorporated herein by this reference.

16. The foregoing acts and omissions by the Defendants constitute violations of the FDCPA.  The Defendants' violations include but are not limited to violating 15 U.S.C. § 1692f(1) by using unfair and unconscionable methods.

17. The Plaintiff is therefore entitled to an award of actual, damages, statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

## THIRD CLAIM FOR RELIEF
### (Additional Violation of the Fair Debt Collection Practices Act)

18. The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19. The Defendants' violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

20.     The Plaintiff is therefore entitled to an award of actual, damages, statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendant respectfully prays of the Court as follows:

a.      That the Plaintiff be awarded and recover actual, statutory and punitive damages in an amount to be determined by this Court;

b.      That the Plaintiff have and recover reasonable legal fees in an amount to be determined by this Court;

c.      That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

d.      That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 6th day of July, 2011.


/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff